452 A.2d 725

**J.H. and J.H., his wife, Appellants,**

**v.**

**E.D.W. and D.L.W., his wife.**

Superior Court of Pennsylvania.

Argued June 15, 1982.

Filed Oct. 1, 1982.

Reargument Denied Dec. 9, 1982.

Patrick J. Rega, Charleroi, for appellants.

James W. Haines, Jr., Monongahela, for appellees.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

BROSKY, Judge:

■ This appeal arises from the denial of a petition to terminate parental rights brought by J.H. and J.H., appellants, against E.D.W. and D.L.W. The question raised by the appellants is simply that the trial court erred in failing to grant the petition to involuntarily terminate parental rights because the record contained evidence sufficient to justify termination of those rights under the Adoption Act of 1970.[1] We do not agree. Accordingly, we affirm the decision of the trial court.

1. Act of July 24, 1970, P.L. 620, No. 208, Art. III, § 311, 1 P.S. § 311, repealed and replaced effective January 1, 1981 by the Adoption Act of 1980, Act of October 1980, P.L. 934, No. 163, 23 Pa.C.S.A. §§ 2101 et seq. Appellants did not ask for leave to amend to bring the proceedings under the new Adoption Act pursuant to 23 Pa.C.S.A. § 2101.

282

The record reveals that the child, J.W., was several weeks premature on August 7, 1977. Shortly thereafter, in September of 1977, the child was cared for by the natural mother's aunt, J.H. The mother claims the aunt offered to care for the child for a period of time while she recuperated from the pregnancy. The aunt claims she was asked by the mother to care for the child. During the following 2½ years, the child was cared for by the aunt most of the time. The mother claims that she desired to care for her child but that her own physical and emotional problems prevented her from doing so. The aunt claimed the mother abandoned the child, made infrequent efforts to see her child and that the child only saw his parents at the aunt's initiative. The parents claim that they made frequent inquiries about the child's condition and that they expressed an interest in and affection toward their child. We need not review the record in further detail because it consistently reveals two seemingly unrelated accounts of the parents' relationship with their child.[2] We view the issue as one of credibility. Simply put, the trial court believed the parents.

In *In Re Adoption of B.D.S.,* 494 Pa. 171, 176, 431 A.2d 203, 206 (1981), our Supreme Court said:

Our standard of review in cases of involuntary termination of parental rights is well-settled. We will not reverse

[2]. The United States Supreme Court has held, very recently, that the involuntary termination of parental rights will only be ordered if and when the party seeking the termination proves by clear and convincing evidence that grounds for granting the petition exist. *Santosky and Santosky v. Kramer, Commissioner, Ulster County Department of Social Services, et al.,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). The trial court herein held that the petitioner need only satisfy the court by a preponderance of the evidence that the involuntary termination should be granted. *In Re Adoption of M.M.,* 492 Pa. 457, 424 A.2d 1280 (1981). This clearly is no longer the law. Nevertheless, the trial court found the appellants had not satisfied the lesser burden of proof required under the former law. Obviously, we cannot say now that the more rigorous burden upon petitioners would require a different result. See also: *In Re William L.,* 477 Pa. 322, 383 A.2d 1228 (1978), cert. den. 439 U.S. 880, 99 S.Ct. 216, 58 L.Ed.2d 192 (1978), holding that involuntary termination of parental rights must be proven by the petitioner by clear and convincing evidence, cited with approval by court in *Santosky v. Kramer,* supra.

a decree of the Orphans' Court if it is supported by competent evidence. *In Re L.A.G.,* 490 Pa. 85, 415 A.2d 44 (1980). Furthermore, where the hearing court's findings are supported by competent evidence of record "we must affirm the hearing court even though the record could support an opposite result." *Matter of Kapcos,* 468 Pa. 50, 54, 360 A.2d 174, 176 (1976)....

The essence of appellant's argument is that she did, contrary to the Orphans' Court finding, sustain her burden of proof and that appellee's testimony was not believable. This contention is totally without merit. The trier of fact is the sole judge of credibility. *In re Green,* 486 Pa. 613, 406 A.2d 1370 (1979), and we will not usurp this function of the hearing court.

We will not disturb the trial court's decision as to credibility and because the appellants argue essentially that their evidence was more credible than that given by the appellees, we are obliged to affirm the order of the trial court.[3]

**3.** Appellants also argue that the trial court erred in censuring appellants without a hearing and that the court erred further in basing its decision in part on facts which were caused by the censuring of appellants. On May 14, 1980, the trial court ordered a visitation schedule be established between the appellants and appellees. The order was amended on August 7, 1980. However, the appellants failed to comply with the order which permitted the appellee's visitation rights and also that the appellants also prevented the child's examination by a court appointed psychiatrist which was contained in the order. A petition for contempt was brought by the appellees against the appellants which on September 18, 1980, after hearing, was *not* granted. However, the appellants were censured for failing to comply with the orders. The court also issued a more precise visitation schedule.

We are satisfied that the trial court's actions were proper and that the trial court did not base its decision, in part, on facts which were caused by the censuring of appellants. The trial court based its decision upon a very extensive record which included evidence of actions undertaken by the appellants which resulted in their censurement. This was not error.